**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRACYE BENARD WASHINGTON, CDCR #T-81075,<br><br>                             Plaintiff,<br><br>         vs.<br><br>RICHARD J. DONOVAN CORRECTIONAL FACILITY, et al.,<br><br>                            Defendants. | Case No.: 3:17-cv-01615-MMA-PCL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 5]**<br><br>**2) SUA SPONTE DISMISSING SELECTED CLAIMS AND DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)**<br><br>**AND**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON REMAINING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

      TRACYE BENARD WASHINGTON ("Plaintiff"), incarcerated at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, is proceeding *pro se* in

1

this case with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. No. 4). Plaintiff has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 5).

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

3:17-cv-01615-MMA-PCL

then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his Motion to Proceed IFP, Plaintiff has submitted a copy of his CDCR Inmate Statement Report, together with a prison certificate completed by an accounting official at RJD attesting to his trust account activity (Doc. No. 6 at 2-3). *See also* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that while Plaintiff has carried an average monthly balance of $33.81, and has had an average monthly deposit of $14.17 to his account over the 6-month period immediately preceding the filing of his Complaint, he had no available balance on the books at the time of filing (Doc. No. 6 at 1, 3.) Based on this accounting, no initial partial filing fee is assessed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 5), declines to exact any initial filing fee because his prison certificate indicates he has "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A**

　　A.　　Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-

answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Allegations

Plaintiff claims several RJD correctional officials violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights after he submitted an Inmate Parolee Request

4

for Interview Item or Service, ("CDCR-22") requesting single-cell status "in preparation" for filing a "formal CDCR-602 Inmate/Parolee Grievance" on September 12, 2016. *See* Doc. No. 4 at 3, 8-9. Specifically, Plaintiff claims Defendant Scharr berated him and threatened to place him in the Administrative Segregation Unit ("ASU") "for writing the CDCR-22" (*id.* at 9), and that Defendant Buenrostro thereafter "harassed" him, searched his cell, confiscated a radio and legal paperwork, and threatened to pepper spray him after he filed another CDCR-22 and refused "any and all mental health services" on October 6, 2016. (*Id.* at 9-14.) Plaintiff further contends Defendants Bermudez, Jones, Costello, and Mack used excessive force during an October 26, 2016 cell extraction, *id.* at 16-18, and that a "classification committee" comprised of Jane Doe Associate Warden, Counselor O'Dell, and John Doe Correctional Lieutenant informed him on November 3, 2016, that was being charged with battery on a peace officer for the October 26, 2016 incident, and thereafter retained him in ASU until March 23, 2017, which was more than 60-days past his "maximum possible SHU term" without "pre-notice or informal interview" and in violation of due process. *Id.* at 19-20. After his release from ASU, Plaintiff claims Defendants Nunez, Urban, and Ruelas forced him to occupy an unsanitary cell with a "severely mentally ill" inmate. *Id.* at 20-22.

C. <u>42 U.S.C. § 1983</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D. <u>Defendants RJD and Paramo</u>

First, the Court notes that in addition to the individual RJD officials mentioned above, Plaintiff also includes RJD and its Warden, Daniel Paramo as Defendants. *See* Doc. No. 4 at 1-2. However, RJD is not a "person" subject to suit under § 1983. *See Hale v. State of Arizona,* 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of

corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983); *see also Anderson v. California,* No. 3:16-CV-01172-LAB-JLB, 2016 WL 4127785, at *2 (S.D. Cal. Aug. 3, 2016) (sua sponte dismissing both CDCR and RJD pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A because neither are "persons" subject to § 1983 liability).

In addition, while RJD's Warden Daniel Paramo may be subject to suit under § 1983, nowhere in the body of his Complaint does Plaintiff include "further factual enhancement" to describe when, how, or to what extent, Defendant Paramo personally caused him any injury. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Instead, Plaintiff simply identifies Paramo as RJD's Warden, and alleges he failed to "supervise-train" his subordinate officers. *See* Doc. No. 4 at 2. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).

Therefore, because Plaintiff fails to state a claim upon which § 1983 relief can be granted as to RJD and Warden Paramo, Plaintiff's claims against them must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez,* 203 F.3d at 1126-27; *Rhodes,* 621 F.3d at 1004.

E. <u>Fourth and Fifth Amendments & International Law</u>

Second, to the extent Plaintiff invokes both the Fourth and Fifth Amendments, as well as "international law" as legal bases for his claims, *see* Doc. No. 4 at 3, his Complaint also fails to state a plausible claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 678 (noting that "[a] pleading that offers 'labels and conclusions' or only a 'formulaic recitation of the elements of a cause of action,'" without "further factual enhancement" "will not do.") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555,

6

3:17-cv-01615-MMA-PCL

557 (2007)).

As to the Fourth Amendment's proscription of unreasonable searches and seizures, Plaintiff has not and cannot state a claim upon which relief may be granted regarding the September 26, 2016 search of his cell and seizure of his property because he retains no reasonable expectation of privacy in his cell or its contents. *See Hudson v. Palmer,* 468 U.S. 517, 536 (1984) (inmate has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures."). The loss of privacy is an "inherent incident[] of confinement," *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010) (citing *Bell v. Wolfish*, 411 U.S. 520, 537 (1979), and the "right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Id.* (citing *Hudson*, 468 U.S. at 527).

It is unclear what Fifth Amendment right Plaintiff contends was violated, but to the extent he attempts to challenge the deprivation of his property or liberty without due process on Fifth Amendment grounds, he also fails to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. "The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States." *Castillo v. McFadden*, 370 F.3d 882, 889 n.5 (9th Cir. 2004). Because Plaintiff is not challenging the actions of the federal government, the Fifth Amendment does not apply. *See, e.g., Radford v. City of Portland*, No. Civ. 04-1754-MO, 2005 WL 189715, at *2 (D. Or. Jan. 20, 2005) (dismissing pro se prisoner's Fifth Amendment due process claims against state actors for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)); *accord Allen v. Kernan*, et al., No. 3:16-CV-01923-CAB-JMA, 2017 WL 4518489, at *3 (S.D. Cal. Oct. 10, 2017).

Finally, to the extent Plaintiff contends, without any explanation whatsoever, that Defendants violated his rights under "International Law," *see* Doc. No. 4 at 3, his Complaint plainly fails to state a claim upon which § 1983 relief can be granted. *See Crowley v. Nevada ex rel. Nevada Sec'y of State,* 678 F.3d 730, 734 (9th Cir. 2012)

("Section 1983 provides a cause of action against any person who, under the color of state law, abridges rights 'unambiguously' *created by the Constitution or laws of the United States*.") (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002)) (emphasis added); *see also Knapp v. Cate,* No. 1:08-CV-01779-BAM PC, 2011 WL 5416342, at *7 (E.D. Cal. Nov. 8, 2011) ("Plaintiff does not possess any rights enforceable in this section 1983 suit for violations of international law.").

### F. Remaining Claims and Defendants

As to Plaintiff's remaining claims, however, the Court finds Plaintiff's Complaint contains First, Eighth, and Fourteenth Amendment allegations sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm,* 680 F.3d at 1123; *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."); *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (finding handicapped inmate confined in administrative segregation for two months without use of his wheelchair suffered an "atypical and significant hardship" sufficient to show a protected liberty interest under *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (2003) ("If the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process.") (citations omitted)); *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th

8

Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."); *Arellano v. Ojeda*, 660 Fed. App'x 552, 552-53 (9th Cir. 2016).

Accordingly, the Court will direct service of the summons and Complaint by the U.S. Marshal upon the remaining Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Orders

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 5).

2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DISMISSES** all Fourth Amendment, Fifth Amendment and international law claims, as well as all claims as to Defendants Richard J. Donovan Correctional Facility (RJD) and Warden Daniel Paramo sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failing to state a claim upon which § 1983 may be granted, and **DIRECTS** the Clerk of the Court to terminate RJD and Paramo as parties to this action.

5) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 4) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each

remaining Defendants.[2] In addition, the Clerk will provide Plaintiff with a filed copy of this Order, a certified copy of his Complaint and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each Defendant may be found and/or subject to service* pursuant to S.D. CAL. CIVLR 4.1c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the remaining Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

7) **ORDERS** Defendants once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be

---

[2] Plaintiff must, of course, identify the Defendants he references only as "Jane Doe, Associate Warden," and "John Doe, Correctional Lieutenant," *see* Doc. No. 4 at 2, 3, by their true names and substitute those individual persons in place of each unnamed Doe by amending his Complaint to identify each of them before the United States Marshal will be able to execute service upon them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); FED. R. CIV. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). And it is in most instances impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Plaintiff's claims against the Doe Defendants at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

8) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant may be disregarded.

**IT IS SO ORDERED**.

DATE: October 17, 2017

HON. MICHAEL M. ANELLO
United States District Judge

11

3:17-cv-01615-MMA-PCL