UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE B. WASHINGTON,<br><br>      Plaintiff,<br><br>v.<br><br>O'DELL, et al,<br><br>      Defendants. | Case No.: 3:17-cv-01615-MMA-RBM<br><br>**ORDER:**<br><br>**1. GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE [Doc. 48];**<br><br>**2. GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT [Doc. 50]; and**<br><br>**3. GRANTING IN PART PLAINTIFF'S REQUEST FOR AN ORDER DIRECTING SERVICE BY THE U.S. MARSHAL [Doc. 52].** |

  Before the Court are three motions filed by Plaintiff TRACYE B. WASHINGTON, a prisoner proceeding *in pro per* and *in forma pauperis*. The first is a Request for an Extension of Time to file a first amended complaint, made on the grounds that Plaintiff was actively involved in another case, and that he suffered an injury that left him wheelchair-bound. (Doc. 48, at 1-2.) The second is a Motion to Amend the Complaint for the purpose of naming "John Doe" defendants. (Doc. 50.) Finally, Plaintiff filed a Request

1

that the Court order the California Department of Corrections and Rehabilitation ("CDCR") to assist the U.S. Marshal in executing service on the unserved Defendants. (Doc. 52.)

## I. PLAINTIFF'S REQUEST FOR EXTENSION OF TIME

Pursuant to the Scheduling Order issued by the Court on August 7, 2018, "any motion to join other parties, to amend the pleadings, or to file additional pleadings" should have been filed by August 24, 2018. (Doc. 44.) Plaintiff requested an extension to file a First Amended Complaint because he is representing himself in another matter that was set for trial on August 20, 2018 and because he suffered a traumatic injury which has left him wheelchair bound. (Doc. 48, at 1-2.) Also, Plaintiff's Request for Extension of Time, as well as his Motion for Leave to Amend, were filed before the deadline contained in the Scheduling Order. (Doc. 44.) The Court finds that these circumstances constitute good cause to grant Plaintiff's request.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff also seeks leave of Court to amend his Complaint to allege the true names of two defendants previously identified as John Doe and Jane Doe. (Doc. 50, at 1.) On September 24, 2018, Plaintiff filed his First Amended Complaint: the Court accepted and filed it *nunc pro tunc* to September 20, 2018. (Doc. 55.) On October 10, 2018, five named Defendants (each of whom had been previously served) filed an Answer to Plaintiff's First Amended Complaint. (Doc. 56.)

The Ninth Circuit has noted "on several occasions ... that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed]. R. Civ. P., by freely granting leave to amend when justice so requires.'" *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 765 (9th Cir.1986) (quoting *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973) (citations omitted). Thus, "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.' " *U.S. v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981) (citing *Rosenberg Brothers & Co. v. Arnold,* 283 F.2d 406 (9th Cir. 1960) (per curiam)). This liberality in granting leave to amend is not

dependent on whether the amendment will add causes of action or parties, but it is subject to several qualifications. *DCD Programs, Ltd. V. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987.) Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint. *See Nunes v. Ashcroft,* 348 F.3d 815, 818 (9th Cir.2003).

The Court finds that amending the Complaint to allege the correct names of Defendants already alleged as "Doe" Defendants is proper because (1) the amendment, on its face, is not made in bad faith; (2) there is no prejudice to the opposing parties in alleging the true names of "Doe" defendants; (3) the Motion is not made after an undue delay, but only a short delay and after a noticed motion; (4) the amendment is not futile because Plaintiff may have valid claims against the now-named defendants that could survive dispositive motions; and (5) Plaintiff had not yet amended the Complaint. On balance, given these factors and the policy of liberally granting leave to amend, the Court finds it proper to grant Plaintiff leave to amend the Complaint. In any event, Plaintiff has already filed a First Amended Complaint (doc. 55), and the served defendants have answered the First Amended Complaint (doc. 56).

### III. PLAINTIFF'S REQUEST FOR AN ORDER DIRECTING SERVICE BY U.S. MARSHAL

Plaintiff moves the Court for an order requiring the California Department of Corrections and Rehabilitation to provide assistance in executing service of the Summons and Complaint in this action as to Defendants M. Costello and Nunez. (Doc. 52, at 1.) Plaintiff argues that it has been eight months since the Court directed service by the U.S. Marshal upon said defendants, and Plaintiff is therefore unable to conduct discovery as to these defendants. (*Id.*)

Pursuant to 28 U.S.C. § 1915(d), if a plaintiff is authorized to proceed *in forma pauperis*, "officers of the court shall issue and serve all process." The Court must appoint the U.S. Marshal to effect service, and upon such an order the Marshal must serve the

summons and complaint. (*See* Federal Rule of Civil Procedure 4(c)(3).) When the U.S. Marshal is ordered to effect service, the standard 90-day window to serve Defendants is expanded to within 120 days of filing the operative complaint. *See* Fed. R. Civ. Pro. 4(m) note, 2015 Amendment, Subdivision (m).

Here, the First Amended Complaint names two additional defendants, A. Canedo, and C. Covel, but fails to name "Nunez." (Doc. 52.) In fact, the First Amended Complaint makes no mention of "Nunez" at all, a notable difference from the original Complaint. (*Compare* doc. 52 and doc. 4.) For purposes of Plaintiff's Motion the court will consider "Nunez" a voluntarily-dismissed defendant. Therefore, the only Defendants who remain unserved are A. Canedo, C. Covel and M. Costello. The 120-day time period to effect service of the First Amended Complaint ends on December 13, 2018. If Plaintiff timely furnishes the U.S. Marshal with the information necessary to identify these unserved Defendants, service would likely be effectuated within the deadline.

The Court cannot direct the CDCR to disclose the locations of the unserved defendants to Plaintiff because the Court does not have jurisdiction over the CDCR in this action. However, even though Plaintiff could obtain this information via discovery, defense counsel is in a position to provide it to Plaintiff, which would assist in the service of process. In the interests of judicial economy and expeditious litigation, defense counsel should provide the information to Plaintiff.

**IV. CONCLUSIONS AND ORDERS**

For the reasons discussed above, the Court:

1. **GRANTS** Plaintiff's Request for an Extension of Time to file his First Amended Complaint. (Doc. 48.)

2. **GRANTS** Plaintiff's Motion for Leave to Amend. (Doc. 50.)

3. **GRANTS IN PART**, Plaintiff's Request for an Order Directing Service by the U.S. Marshal. (Doc. 52.)

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's First Amended Complaint (doc. 55) and forward it to Plaintiff, along with a blank U.S. Marshal Form 285

for each of the remaining Defendants. In addition, the Clerk will provide Plaintiff with a filed copy of this order, a certified copy of his First Amended Complaint, and the summons, so that he may serve these defendants.

5. **ORDERS** Defense Counsel to provide identifying information, insofar as obtaining such information is reasonable, for the three unserved Defendants in this matter.

6. **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and Summons upon the remaining Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon each Defendant, or if an appearance has been entered by counsel, upon counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or on their counsel, and the date of that service. *See* S.D. Cal. Civ. L. R. 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which lacks a corresponding Certificate of Service, may be disregarded.

**IT IS SO ORDERED.**

DATE: October 25, 2018

Ruth Bermudez Montenegro
United States Magistrate Judge